UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTINE EVALIN MOLLICONE-AMEDEO,

      Plaintiff,

v.                   Case No. 1:14-CV-1541 (GTS)

CAROLYN W. COLVIN,
Commissioner of Social Security,

      Defendant.
_____

APPEARANCES:              OF COUNSEL:

OLINSKY LAW GROUP         HOWARD D. OLINSKY, ESQ.
 Counsel for Plaintiff
300 S. State Street, Suite 420
Syracuse, NY 13202

U.S. SOCIAL SECURITY ADMIN.      VERNON NORWOOD, ESQ.
OFFICE OF REG'L GEN. COUNSEL
– REGION II
 Counsel for Defendant
26 Federal Plaza, Room 3904
New York, NY 10278

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

   Currently before the Court, in this Social Security action filed by Christine Evalin Mollicone-Amedeo ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 10, 11.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is denied and Defendant's motion for judgment on the pleadings is granted.

I.     **RELEVANT BACKGROUND**

   A.     **Factual Background**

Plaintiff was born on July 25, 1959. Plaintiff has at least a high school education, and has worked as a housekeeper. Generally, Plaintiff's alleged disability consists of sciatica, high blood pressure, high cholesterol, and congestive heart failure.

   B.     **Procedural History**

On January 12, 2012, Plaintiff applied for Supplemental Security Income. Plaintiff's application was initially denied on June 22, 2012, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). On April 2, 2013, Plaintiff appeared in a video hearing before the ALJ, Katherine Edgell. (T. 34-54.) On April 15, 2013, the ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 18-32.) On October 16, 2014, the Appeals Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 4-7.)

   C.     **The ALJ's Decision**

Generally, in her decision, the ALJ made the following six findings of fact and conclusions of law. (T. 23-28.) First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 12, 2012, the application date. (T. 23.) Second, the ALJ found that Plaintiff has the following severe impairments: obesity, degenerative disc disease of the lumbar spine, status post distant history of hemilaminectomy in1993, herniated disc and bulge at L4-S1, and history of congestive heart failure. (*Id.*) Third, the ALJ found that Plaintiff's severe impairments, alone or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. (*Id.*) The ALJ considered Listings 1.00 and 4.00. (*Id.*) Fourth, the ALJ found that Plaintiff

2

> has the residual functional capacity ["RFC"] to perform light work as
> defined in 20 CFR 416.967(b) except she can lift and carry 15 pounds
> occasionally and 10 pounds frequently and can stand, walk and sit for
> 6 hours per day. She must be afforded the opportunity to change
> positions to stretch at 1-2 hour intervals.

(T. 23-26.) Fifth, the ALJ found that Plaintiff is unable to perform any past relevant work. (T. 26.) Sixth, and finally, the ALJ found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T. 27.)

### D. The Parties' Briefings on Their Cross-Motions

Plaintiff makes three arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues that the ALJ erred as a matter of law by failing to weigh the opinion of treating physical therapist, Jeff Gersch, and consequently failed to find Plaintiff disabled pursuant to Medical-Vocational Rule 201.12. (Dkt. No. 10, at 1, 6-11 [Pl.'s Mem. of Law].) Second, Plaintiff argues that the ALJ's credibility determination was unsupported by substantial evidence. (*Id.* at 1, 11-13.) Third, and finally, Plaintiff argues that the step five determination is unsupported by substantial evidence because the ALJ relied on vocational expert testimony that was elicited in response to an incomplete hypothetical question. (*Id.* at 1, 14.)

Defendant makes three arguments in support of her motion for judgment on the pleadings. First, Defendant argues that the ALJ correctly assessed Plaintiff's RFC. (Dkt. No. 11, at 10-13 [Def.'s Mem. of Law].) Second, Defendant argues that the ALJ properly evaluated Plaintiff's credibility. (*Id.* at 13-16.) Third, and finally, Defendant argues that Plaintiff retained the RFC to perform work which existed in significant numbers in the national economy. (*Id.* at 16-18.)

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord, Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial

evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982), *accord, McIntyre v. Colvin,* 758 F.3d 146,

5

150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

For the ease of analysis, Plaintiff's arguments will be reorganized below.

### A. Whether the ALJ Erred by Not Affording Weight to the Opinion of Treating Physical Therapist, Mr. Gersch

After carefully considering the matter, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 11, at 10-13 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

It is the duty of the ALJ to formulate a plaintiff's RFC. 20 C.F.R. § 416.945. RFC is defined as

> what an individual can still do despite his or her limitations . . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis. A regular and continuing basis means 8 hours a day, for 5 days a week, or an equivalent work schedule.

*Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (quoting SSR 96-8p, 1996 WL 374184, at *2). "In assessing a claimant's RFC, the ALJ must consider all of the relevant medical and other evidence in the case record to assess the claimant's ability to meet the physical, mental, sensory and other requirements of work." *Domm v. Colvin*, 12-CV-6640, 2013 WL 4647643, at *8 (W.D.N.Y. Aug. 29, 2013). The ALJ must consider all of the relevant evidence, including medical opinions and facts, physical and mental abilities, non-severe impairments, and the plaintiff's subjective evidence of symptoms. 20 C.F.R. § 416.945(b)-(e).

On May 22, 2012, consultative examiner Dr. Luna opined that Plaintiff had mild restriction in climbing, squatting, bending, lifting, and carrying, and had moderate restriction in

6

prolonged standing and walking. (T. 25.) On May 23, 2012, treating physical therapist Mr. Gersch opined that Plaintiff had limitations in lifting and carrying, could stand and walk for two hours, and had no sitting limitations. (*Id.*) On June 18, 2012, State Agency medical consultant Dr. Bodnar opined that Plaintiff could stand, walk, and sit for six hours, lift and carry 50 pounds, and perform occasional bending and stooping during an eight-hour workday. (*Id.*) On July 30, 2012, treating physician Dr. Lindor-Antoine opined that Plaintiff had no limitations in walking, sitting, seeing, hearing, speaking, or using her hands, and had moderate limitations in lifting, carrying, pushing, pulling, and climbing stairs. (*Id.*)

In assessing Plaintiff's RFC, the ALJ stated that she afforded weight to the opinions of Dr. Luna, Dr. Bodnar, and Dr. Antoine. (T. 26.) The ALJ also discussed the assessment provided by treating physical therapist, Mr. Gersch, but did not expressly afford weight to the opinion. (T. 25.) An ALJ must consider RFC assessments made by acceptable medical sources, however a physical therapist is not an acceptable medical source under the regulations. 20 C.F.R. 416.1913(a), (c)-(d). An ALJ may consider a physical therapist's opinion as an "other source" opinion to show the severity of a plaintiff's impairments and how the impairments affect his or her ability to work. 20 C.F.R. § 416.913(a), (c)-(d). However, an opinion from a physical therapist is not a medical opinion that is entitled to any particular weight under the regulations. 20 C.F.R. § 416.1913(a), 416.927(b). Therefore, the ALJ was not required to afford weight to the opinion of Mr. Gersch.

Accordingly, the ALJ did not err by not affording weight to Mr. Gersch's opinion, and remand is not necessary on this basis.

### B. Whether the ALJ's Credibility Assessment was Supported by Substantial Evidence

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 11, at 13-16 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

A plaintiff's allegation of pain is "entitled to great weight where . . . it is supported by objective medical evidence." *Rockwood v. Astrue*, 614 F. Supp. 2d 252, 270 (N.D.N.Y. 2009) (quoting *Simmons v. U.S. R.R. Ret. Bd.*, 982 F.2d 49, 56 [2d Cir. 1992]). However, the ALJ "is not required to accept [a plaintiff's] subjective complaints without question; he may exercise discretion in weighing the credibility of the [plaintiff's] testimony in light of the other evidence in the record." *Montaldo v. Astrue*, 10-CV-6163, 2012 WL 893186, at *17 (S.D.N.Y. Mar. 15 2012). "When rejecting subjective complaints, an ALJ must do so explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." *Rockwood*, 614 F. Supp. 2d at 270.

"The ALJ's credibility assessment must be based on a two step analysis of pertinent evidence in the record. First, the ALJ must determine whether the claimant has medically determinable impairments, which could reasonably be expected to produce the pain or other symptoms alleged." *Id.*, at 271.

> Second, if medically determinable impairments are shown, then the ALJ must evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the claimant's capacity to work. Because an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, an ALJ will consider the following factors in assessing a claimant's credibility: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any

8

> medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms.

*Id.* (citing § 416.929[c][3][i]-[vii]). Further, "[i]t is the role of the Commissioner, not the reviewing court, 'to resolve evidentiary conflicts and to appraise the credibility of witnesses,' including with respect to the severity of a claimant's symptoms." *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013) (quoting *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 [2d Cir. 1983]).

Here, the ALJ noted that Plaintiff has alleged disabling back pain and a history of cardiac disease. (T. 25-26.) The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms, but that her statements regarding the intensity, persistence and limiting effects of her symptoms are not entirely credible. (T. 24.) Throughout the decision, the ALJ articulated the inconsistencies that she considered in assessing the allegations of Plaintiff's symptoms, and in determining that Plaintiff is not as limited as alleged. (T. 23-27.)

First, the ALJ considered the medical evidence of record, including medical opinions and examination findings, and determined that "the medical evidence does not substantiate the allegations of the claimant to the degree alleged." (T. 25-26.) The ALJ noted that Dr. Luna opined that Plaintiff had mild restriction in climbing, squatting, bending, lifting, and carrying, and had moderate restriction in prolonged standing and walking. (T. 25.) The ALJ noted that Dr. Bodnar opined that Plaintiff could stand, walk, and sit for six hours, lift and carry 50 pounds, and perform occasional bending and stooping in an eight-hour workday. (*Id.*) Finally, the ALJ noted that Dr. Lindor-Antoine opined that Plaintiff had no limitations in walking, sitting, seeing,

hearing, speaking, or using her hands, and had moderate limitations in lifting, carrying, pushing, pulling, and climbing stairs. (*Id.*)

Additionally, the ALJ cited objective medical evidence and clinical findings that were inconsistent with Plaintiff's allegations of disabling symptoms. (T. 26.) For example, the ALJ noted that diagnostic testing showed some degenerative disc disease in Plaintiff's spine, but there was no evidence of severe stenosis or radiculopathy. (*Id.*) The ALJ noted that examinations repeatedly showed that Plaintiff had full strength and that her neurological functions were intact. (*Id.*) The ALJ further noted that, while Plaintiff had a remote history of congestive heart failure in 2002, all recent cardiac testing has been within normal limits and Plaintiff was found to be doing well. (*Id.*)

Second, the ALJ found that Plaintiff's treatment record failed to support Plaintiff's allegations of total disability. (*Id.*) A plaintiff may be deemed less credible "if the level or frequency of treatment is inconsistent with the level of complaints." SSR 96-7p, 1996 WL 174186, at *8 (July 2, 1996); *accord, Sickles v. Colvin,* 12-CV-0774, 2014 WL 795978, at *22 (N.D.N.Y. Feb. 27, 2014) (finding that the ALJ properly cited Plaintiff's conservative treatment as a reason for discounting Plaintiff's credibility). Here, the ALJ noted that Plaintiff received only conservative treatment, including physical therapy, for her back pain. (*Id.*) The ALJ noted that, while Plaintiff had a hemilaminectomy in1993, she did not undergo any surgery or intensive pain management during the relevant time period. (T. 23, 26.)

Third, the ALJ found that Plaintiff's complaints of disabling symptoms and limitations were inconsistent with her activities of daily living. (T. 26.) The ALJ noted that Plaintiff testified that she could lift ten to 20 pounds and sit for two hours at a time. (*Id.*) The ALJ noted that Plaintiff testified that she does light chores, walks her dog, cooks, and drives her daughter to

10

college every day, a 40-minute drive round trip, and picks her daughter up again in the evening. (*Id.*) Plaintiff also reported that she reads, socializes with friends and sees her grandson on occasion. (*Id.*) The ALJ further noted that Plaintiff reported that she did light cooking and cleaning, laundry, and shopping with help, and was able to go to church, movies, and the library. (*Id.*)

In sum, the Court finds that the ALJ complied with the regulations and articulated the inconsistencies upon which she relied in discrediting Plaintiff's allegations of disabling impairments, including the opinion evidence of record from acceptable medical sources, diagnostic and clinical findings, Plaintiff's treatment history, and Plaintiff's reported activities. (T. 23-26.) When the evidence of record "permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983).

For these reasons, the ALJ's credibility analysis was supported by substantial evidence, and remand is not necessary on this basis.

### C. Whether the ALJ's Step Five Determination was Supported by Substantial Evidence

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 11, at 16-18 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

At step five of the sequential process, the burden shifts to the Commissioner to establish that there are other jobs that exist in significant numbers in the national economy that a plaintiff can perform based on the plaintiff's RFC, age, education, and past relevant work. *Butts v.*

*Barnhart,* 388 F.3d 377, 383 (2d Cir. 2004). The Commissioner can usually establish that there is other work that a plaintiff can perform by reliance on the Medical-Vocational guidelines contained in 20 C.F.R. Part 404, Subpart P, App. 2, commonly referred to as "the Grids." *Baldwin v. Astrue*, 07-CV-6958, 2009 WL 4931363, at *20 (S.D.N.Y. Dec. 21, 2009).

When a plaintiff suffers from nonexertional limitations that significantly limit the plaintiff's employment opportunities, exclusive reliance on the Grids is inappropriate. *Baldwin*, 2009 WL 4931363, at *27 (citing *Bapp v. Bowen*, 802 F.2d 601, 605 [2d Cir. 1986]). However, "the mere existence of a non-exertional limitation does not automatically preclude reliance on the guidelines." *Zabala v. Astrue,* 595 F.3d 402, 410-11 (2d Cir. 2010) (citing *Bapp,* 802 F.2d at 603.) A plaintiff's range of potential employment is significantly limited when the plaintiff "suffers from the additional loss of work capacity beyond a negligible one or, in other words, one that so narrows a claimant's possible range of work as to deprive him of a meaningful employment opportunity." *Baldwin*, 2009 WL 4931363, at *27.

When a plaintiff has both exertional and non-exertional limitations, the Medical-Vocational Guidelines "are to be used as a framework in conjunction with other evidence, such as the testimony of a vocational expert, to guide the Commissioner's decision." *Wanzo,* 2008 WL 3925542 at *4 (citing 20 C.F.R. § 404.1569a[d]; *Bapp,* 802 F.2d at 606). The Commissioner may rely on the vocational expert's testimony regarding the existence of jobs in the economy that the claimant can perform in deciding whether disability exists." *Wanzo,* 2008 WL 3925542 at *4 (citing *Butts,* 388 F.3d at 384). However, "there must be substantial record evidence to support the RFC hypothetical upon which the vocational expert based his or her opinion." *Wanzo,* 2008 WL 3925542 at *4 (citing *Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 [2d Cir. 1983]) (internal quotation marks and brackets omitted).

Here, the ALJ enlisted the testimony of a vocational expert at step five. (T. 27.) The ALJ provided a hypothetical to the vocational expert that included Plaintiff's abilities and restrictions set forth in the RFC to determine whether Plaintiff could perform other exiting work in the national economy. (*Id.*) The vocational expert testified that, based on Plaintiff's RFC, age, education, and work experience, she could perform jobs that exist in significant numbers in the national economy. (*Id.*) Because the Court finds no error in the ALJ's RFC assessment for the reasons stated in Parts III.A. and III.B., we conclude that the ALJ did not err in posing a hypothetical question to the vocational expert that was based on the RFC. *Dumas*, 712 F.2d at 1553-54 (approving a hypothetical question to a vocational expert that was based on an assumption supported by substantial evidence in the record).

For these reasons, the ALJ's step five determination was supported by substantial evidence, and remand is not required on this basis.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Defendant's decision denying disability benefits is **AFFIRMED**; and it is further is

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: May 4, 2016
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge